United States District Court
Southern District of Texas
**ENTERED**
June 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DUSTIN MITCHELL, § | |
| TDCJ # 02221593, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:19-405 |
| § | |
| CAROL WOODARD, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dustin Mitchell, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. He brings claims against two officials at the Wayne Scott Unit: law librarian Carol Woodard and correctional officer Cynthia Hall. Several motions are pending before the court.

### I.    Motion for Leave to Amend

On January 27, 2020, Mitchell filed a motion for leave to amend his complaint (Dkt. 7), with a proposed amendment attached (Dkt. 7-1).    Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted). A district court "should consider

factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

In this case, Mitchell's proposed amendment was submitted approximately one month after his original complaint, which was filed on December 26, 2019. The court has not yet completed its judicial screening under 28 U.S.C. § 1915A. The defendants have not been served with process and will not be prejudiced by allowing the amendment. The court therefore finds no substantial reason to deny the plaintiff's request for leave to amend his pleadings, *see Stem*, 813 F.3d at 215, and the motion will be granted.

## II.     Motion for Emergency Injunctive Relief

Mitchell has filed a motion for an emergency restraining order (Dkt. 8). Mitchell's underlying claims in this lawsuit are an access-to-courts claim and a retaliation claim. He seeks an emergency court order that restrains the defendants from denying him law library access, impairing his ability to present his legal cases, or preventing him from assisting other inmates with their litigation (*id.* at 5).

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction

will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted).

On the current record, Mitchell has failed to meet his burden to show a substantial likelihood of success on the merits of his claims. As for his access-to-courts claim, Mitchell has not sufficiently demonstrated that he has a nonfrivolous legal claim has been impeded by the defendants, as required by judicial authority governing access-to-courts claims. *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012). As for Mitchell's retaliation claim, he argues that he has a right to be file grievances and lawsuits without suffering retaliation. *See Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). However, although he alleges in his motion that Woodard retaliates against him with impunity, he has not sufficiently shown on this record that he satisfies all elements of a retaliation claim, including evidence of Woodard's retaliatory intent and evidence that retaliation was the "but-for" cause of an adverse action against him. *See Baughman*, 935 F.3d at 312.

At this stage of the litigation, Mitchell has not made the requisite showing for injunctive relief. The court therefore denies Mitchell's motion for an emergency restraining order (Dkt. 8). By separate order, the court will instruct Mitchell to provide a more definite statement of his claims.

### III. Motion for Jury Trial

Mitchell has filed a motion for a jury trial (Dkt. 9). Because judicial screening is not yet complete, *see* 28 U.S.C. § 1915A, his request for a trial is premature. The court therefore will deny the motion without prejudice.

### IV. Conclusion

For the reasons stated above, the court orders as follows:

1. Mitchell's motion for leave to amend (Dkt. 7) is granted. The Clerk is instructed to enter the amended complaint (Dkt. 7-1) as a separate instrument on the court's docket.

2. Mitchell's motion for emergency injunctive relief (Dkt. 8) is denied.

3. Mitchell's motion for a jury trial (Dkt. 9) is denied without prejudice.

The Clerk will provide a copy of this order to the plaintiff.

Signed on Galveston Island this 24th day of June, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE